Ex parte JEROME BROWN.

No. A-3030.   Opinion Filed June 17, 1919.

(180 Pac. 191.)

Application by Jerome Brown for writ of habeas corpus. Writ denied.

Cornelius Hardy, for petitioner.

S. P. Freeling, Atty. Gen., and W. C. Hall, Asst. Atty. Gen., for respondent.

PER CURIAM. This is an application of Jerome Brown for writ of habeas corpus alleging that he is unlawfully restrained of his liberty in the state penitentiary at McAlester, by Sam L. Morley, warden; that the cause of said restraint is upon a judgment of conviction pronounced by the district court of Johnston county, Okla., on a charge of murder, rendered on the 4th day of October, 1912. Petitioner further alleges that the district court of Johnston county was not authorized by law, or by order of the Supreme Court of the state of Oklahoma, to meet at the time and place it attempted to meet and try this petitioner and pronounce judgment against him; further, in substance, that there was no June term, 1912, of the district court of Johnston county, either fixed by statute or by order of the Supreme Court, and that the convening of said court in regular session on the 3d day of June, 1912, and the subsequent adjournment of said term to the date upon which this trial was had was a nullity; and that the judgment rendered against petitioner was null and void, for the reason that said court was without jurisdiction to render the same. For which reasons petitioner asks that the writ of habeas corpus issue and that he be discharged from such restraint.

It is unnecessary to enter into a full discussion of all the contentions raised by petitioner. The petitioner was plaintiff in error in cause No. A-1936, Jerome Brown v. State, appealing from this same judgment of conviction, and this court in an opinion filed May 15, 1915, reported in 11 Okla. Cr. 498, 148 Pac. 181, affirmed the judgment. Among the questions raised in that appeal was that of the jurisdiction of the court to pronounce judgment; it being contended at that time that the district court of Johnston county had lost jurisdiction of the cause the June term of court having expired by operation of law upon the convening of court at another place in the same district between the time of the convening of the regular June term in Johnston county and the time at which this petitioner was tried and convicted. There was necessarily involved and determined in the appeal taken, and the same clearly appears from the body of the opinion in that case, that this court decided that chapter 102, Session Laws Okla. 1910, fixed the time of convening the regular term of district court in Johnston county on the first Monday in June of each year, and that such statute was in force at the time the June, 1912, term was convened, at which term this petitioner was tried and convicted.

No new question is raised by this application, not in effect passed upon and decided adversely to the contentions of the petitioner in Brown v. State, supra. The question of jurisdiction is raised in this proceeding in another form, but the substance of the contentions here made and of the contentions made in the appealed case is the same.

Having decided that chapter 102, Session Laws 1910, fixed the time of convening the regular term of court in Johnston county on the first Monday in June, 1912, and that court convened and was duly and regularly opened on that date, and that this judgment was rendered at a date to which said June term was regularly and lawfully adjourned,

the court had jurisdiction to pronounce judgment and sentence the defendant at that time.

For reasons stated, the writ is denied.